THE MERCHANTS' EXCHANGE NATIONAL BANK v. THE
NEW BRUNSWICK SAVINGS INSTITUTION.

In an action by the holder, against the drawer of a check, payable to
bearer, the defendant having been notified by one claiming to be the
true owner of it not to pay to the plaintiffs, may, in the interests of
such claimant, show, by way of defence, that the owner of the check
had parted with it without any consideration, and through fraud;
and the plaintiffs, to entitle them to recover, must then show how they
came by the check, and what value they had given for it.

In case.    On rule to show cause, &c.

This action was brought to recover the amount of a check,
dated March 28th, 1867, drawn by the defendants on the
State Bank at New Brunswick, payable to Christopher Sheak,
or bearer, for fourteen hundred dollars.

At the trial, the defendants having admitted the making
of the check, its presentment for payment, April 3d, 1867,
the refusal of the drawers, and of the State Bank at New
Brunswick to pay, and the protest, the plaintiff offered and
read the check in evidence, and rested.

The defendants, by their attorney, then offered to prove
as follows: "That the check in question was the property
of, and belonged to one George G. Draper, and that the
plaintiffs had no right to said check, no property in it, and
no right to collect, or receive the moneys due on it under
the following facts: that said George G. Draper had re-
ceived said check from said Christopher Sheak, on the day
of its date, in payment of land sold by him to said Sheak;
that on Saturday, March 30th, 1867, said Draper endorsed
and delivered said check to one Charles A. Morford, of New
York city, for the sole purpose of collection for said Draper,
and for his, Draper's, use; that at the time when said Mor-
ford so received said check he was insolvent, having that
very day failed in his business (a private broker), which fact
was then unknown to Draper, and did not come to his know-

ledge until Tuesday following; that at once, on learning of Morford's failure, Draper called at his office and demanded his said check, but could not obtain it; that Draper then, immediately, on that same day, notified the defendants, and the State Bank at New Brunswick, of his claim to said check, and stopped its payment; that on that same day, or the next day, Draper, for the first time, learned that his said check was in possession of the plaintiffs, and that they had received it from said Morford on the Saturday previous, he having deposited it to his own credit, in the plaintiffs' bank—and at once demanded the same of them, notifying them of his claim thereto; that said check was fraudulently obtained from Draper by said Morford, that said plaintiffs had come into the possession of the said check directly from said Morford, and without paying or giving to him or to any one, any value whatever for it, that the plaintiffs were not *bona fide* holders of the said check, that said check was taken by the plaintiffs with the name of George G. Draper endorsed upon it in blank, and that said endorsement was notice that it was the property of and belonged to said George G. Draper."

. The evidence so offered on the part of the defendants, was overruled by the court, and a verdict rendered for the plaintiffs for the amount of the check, and interest.

Argued before the CHIEF JUSTICE, and Justices ELMER VREDENBURGH and WOODHULL.

For the rule, *G. C. Ludlow.*

Against the rule, *F. B. Chetwood.*

The opinion of the court was delivered by

WOODHULL, J. The only ground upon which a new trial is asked for is the refusal of the judge at the circuit to admit the evidence offered on the part of the defendants; and

the only question to be determined here is, whether that evidence, or any part of it, ought to have been received.

The law upon which the solution of this question depends is well settled and familiar.

The fact that the plaintiffs were in possession of the check in question, was *prima facie* evidence of their property in it as *bona fide* holders. They were not bound, in the first instance to account for their possession of it; and in the absence of anything to raise suspicion as to their title, the matters admitted and proved on the trial, were, no doubt, sufficient to entitle them to their verdict. But if it had appeared that Draper, being the true owner of the check, had parted with it without any consideration, or through fraud, &c., the plaintiffs could not have recovered without showing how they came by the check, and what value they had given for it. 3 *Kent's Com.* 79, and cases cited in notes *a* and *b*; 2 *Greenl. Ev.* 147, § 172; *Chitty and Hulme on Bills* 260; 2 *Starkie on Ev.* 171.

The defendants' offer, in this case, went far beyond what was necessary to put the plaintiffs to proof that they came to the possession of the check *bona fide*, and for value. The defendants themselves assumed the burthen of proving that the plaintiffs gave no value for the check, and were not *bona fide* holders. If they had been permitted to prove, and had succeeded in proving the facts stated in their offer, there can be no doubt, I think, that their defence would have been complete.

It will not do to say, as was urged by the plaintiffs' counsel, that Draper has no right to be heard in this matter. If he is, as the defendants offered to prove, the real and sole owner of the check in question, they had an undoubted right, at his instance, and in his interest, to interpose the defence attempted to be set up in this case. To hold otherwise would be, in effect, to admit that a court of justice may sometimes, knowingly, permit itself to be used in furtherance of a meditated fraud.

I think that the evidence offered by the defendants at the

trial, and rejected by the court, ought to have been received. The verdict must therefore be set aside, and a new trial granted.

The CHIEF JUSTICE, and Justices ELMER and VREDEN-BURGH, concurred.

New trial granted.